# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

Gregory D. Sobin,

        Petitioner,

    v.

Superintendent,

        Respondent.

Case No. 3:15-CV-48 JVB

## OPINION AND ORDER

This matter is before the Court sua sponte to reconsider the order (DE 23) granting the Respondent leave to file documents under seal.

When the Court entered that order, the Court anticipated that the documents would need to be sealed because the disclosure of their contents could be harmful to other individuals or could compromise the security of the facility. *See Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994) and *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988).

However, "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). Therefore, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

If the sealed documents could be harmful to other individuals or compromise the security of the facility, then they will remain sealed. But otherwise, they need to be unsealed.

The Respondent has submitted two documents. Both are stamped confidential, but that stamp does not resolve the issue.

The first document (DE 27-1 at 2) is a copy of the Conduct Report. It is unclear why this document is confidential or how its public disclosure could be harmful to others or compromise institutional security. Sobin filed a copy of this same document (DE 12-1 at 11) with his amended petition. Respondent filed another copy (DE 26-1) and Respondent's brief quoted the substance of the document (DE 26 at 2).

The second document (DE 27-1 at 2-5) is a copy of the letter Sobin sent to a guard. Based on this letter, Sobin was charged with threatening the guard. Its contents are central to resolving whether there is some evidence that he threatened the guard. Sobin admits (DE 29-2 at 28) he wrote the letter. Sobin states he was not given a copy of it during the disciplinary process, but the Respondent argues (DE 26 at 10) that "[t]he letter at issue was attached to the Report of Conduct and was incorporated into it." Either way, it is unclear to the Court how the public disclosure of the contents of the letter could be harmful to others or compromise institutional security.

In addition, Sobin filed a motion asking the Court to rule on his habeas corpus petition. (DE 32.) Clearly he is dissatisfied because this case was not expedited. Certainly this case is important, but all cases filed in this Court are important. This is not the only pending case. It takes time to accurately review and justly rule on each filing. Doing that is delayed by unnecessary motions like this one. If Sobin wanted to know the status of this case, he merely needed to send the clerk a letter asking for a docket sheet.

For these reasons, the Court **DENIES** the motion for ruling (DE 32). The Court **ORDERS** Respondent to either file a motion to unseal the sealed documents (DE 27) or file a brief explaining why they should remain sealed. The Court **CAUTIONS** Respondent that if no response is filed by November 14, 2016, the documents (DE 27) will be unsealed and a copy will be sent to Sobin.

SO ORDERED on October 3, 2016.

                                                        s/ Joseph S. Van Bokkelen  
                                                       JOSEPH S. VAN BOKKELEN  
                                                       UNITED STATES DISTRICT JUDGE