UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY D. SOBIN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:15CV48-PPS |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Gregory Sobin, a pro se prisoner, filed a habeas corpus petition challenging the loss of 90 days earned credit time and demotion from Credit Class 2 to Credit Class 3 after a prison disciplinary hearing. The Disciplinary Hearing Officer found him guilty of "threatening another" in violation of Indiana Department of Correction (IDOC) policy B-213. [ECF 12 at 2.] Sobin identifies several grounds for relief but I will focus on just one of them because that ground entitles him to habeas corpus relief.

Sobin argues that the hearing officer did not have sufficient evidence to support a guilty finding. [ECF 12 at 3.] In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Admittedly, the standard of review is a lenient one. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

1

Problems arose for Mr. Sobin when he fired off a letter to a correctional officer named Page. Here's what he said to Page in the letter:

C/O Page:

You "Tyrone Page" definatly needs to cease & desist all of your threats you have made against me, all due to your sexual antics you intentionally partook in on the day you came to my cell to harass me!

You know what you did, as I do, your threats cause I reported you, means nothin to me, but it will be dealt with in court.

You have repeatedly came to my outside cell window on *9-3-2014, *9-18-2014 & again on *8-22-2014 pounding on my window & threatening me harm & informing me of some class A conduct report I got coming.

(which don't impress me gump)

My concern is your continuing threats outside of my window, during your documented security checks outside. There is record of your outside security checks! Didnt you know!

Just as there is record of what you did to me on 8-31-2014, if that video tape was properly reviewed. You know what you did Page, as will the U.S. District Court know.

The only reason you have not been fired due to your groping, is due to my lawsuit filed against Internal Affairs Sup. Chuck Whalan, & the video tape was not reviewed, point blank!

They don't like me, as I don't like them, & they covered up your gump actions, by not reviewing the tape.

This will be reviewed, as will my suit against you Hoozier, rectify this matter.

Stop your continual threats & getting on my speaker making further threats as you did while c/o Morales was OIC on 9-22-2014.

You know what you did & continual to do!

2

> This all will be fully documented by all of your superiors, whom allow you to do outside security checks, for the sole purpose to harass me & threaten me outside my window!
>
> {9-3-2014}
> {9-18-2014}
> {9-22-2014}
>
> You know what your doing, & only think you are able to get away with it, & that I.A. will safeguard your illegal acts, due to their hatred of me. The truth will come out.

[ECF 39-1 at 2-5 (emphasis in original).]

Officer Page didn't take the missive from Sobin sitting down. He decided to write Sobin up. Here's what Page said in the Conduct Report written on November 22, 2014 at 7:10 p.m.:

> At the above date and time of incident [November 22, 2014] I Ofc. T. Page received institutionalized mail from offender Sobin, Gregory #113650. I made copies of this mail and did a[n] incident report sending it to internal affairs. I was notified by internal affairs after reviewing the documents to do a report of conduct for the offender lying providing a false statement. I have now been informed by disciplinary hearing board to re-write as threatening.

[ECF 39-1.]

Officer Page also penned an incident report concerning his receipt of the letter from Sobin. That report was also written on November 22 about a half hour after the conduct report was drafted. Here's what Page wrote in the incident report:

> At the above date and time [November 22, 2014] I Ofc. T. Page was informed of a letter that was sent to me from offender Sobin, Gregory #113650. The letter is falsely accusing me of actions of sexual contact, harassment, I.A. not reviewing tape and threats of a lawsuit. Offender

3

> Sobin, Gregory has falsely accused me Ofc. T. Page for some time of sexual contact found not to be true by internal affairs. Offender has accused me of harassing him by knocking on his cell window during security rounds which is not true. Offender Sobin, Gregory has continually harassed and falsely accuse[d] me in attempt to defame my character to have me terminated and win a lawsuit from the state.

[ECF 39-4 at 1-2.]

Sobin's letter was harassing and belligerent. But the letter did not constitute a threat against Page, in violation of B-213. At the time Sobin was disciplined, the Department of Corrections defined a violation of B-213 as "Threatening another with bodily harm or with an offense against the person or property." Indiana Department of Correction Disciplinary Process For Adult Offenders, Policy No. 02–04–101 (eff. June 1, 2012). *See also Craddick v. Superintendent*, No. 3:13CV753, 2014 WL 936973, at *2 (N.D. Ind. Mar. 10, 2014) (holding that hearing officer did not have sufficient evidence to find prisoner guilty of threatening). The hearing officer in this case did not have sufficient evidence because the contents of Sobin's letter did not "[t]hreat[en] another with bodily harm or with an offense against the person or property." [*Id*.] The offense is defined in terms of physical violence, but Sobin's letter contained only threats of legal action. In fact, Officer Page himself did not understand the letter as a threat of physical violence. Rather, Officer Page wrote in his incident report that Sobin "has continually harassed and falsely accuse me in attempt to defame my character to have me terminated and win a lawsuit from the state." [ECF 39-4 at 2.] Because the letter does not threaten physical violence, it does not violate B-213.

4

Respondent claims that the hearing officer did have sufficient evidence to find Sobin guilty because Sobin made an accusation that he knew to be false. [ECF 39 at 10.] But this argument rests on the IDOC's current definition of B-213. The IDOC updated its disciplinary code in June 2015, and amended B-213 to prohibit an offender from intentionally making a false statement or harassing another person. Disciplinary Process, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf (updated June 1, 2015). However, the hearing officer found Sobin guilty in December 2014, months before B-213 was amended. This court ordered Respondent to quote or cite specific portions of the letter that were threatening, and he did not do so. [ECF 38, 39.] Thus, in the absence of any evidence that Sobin's statements fell within the purview of B-213 (as it was written at the time), Sobin is entitled to habeas corpus relief.

ACCORDINGLY:

Gregory D. Sobin's amended habeas corpus petition [DE 12] is **GRANTED**. The Respondent is **ORDERED** to file documentation by **July 13, 2017**, showing that the guilty finding in WCU 14-12-84 has been vacated and that any loss in earned credit time or demotion in credit class imposed as a result of this guilty finding is restored.

**SO ORDERED**.

ENTERED: June 20, 2017.

/s/ Philip P. Simon
United States District Court Judge